WK/ABS:SWR
F. #2015R00610

BLOCK, J.

POLLAK, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 22 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

YURIY BARAYEV,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 18 318**

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1),
1347, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.     Background

    A.     The Medicare Program

        1.     The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.     Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare.

        3.     Medicare beneficiaries obtained Part D benefits in two ways: (a) by joining a Prescription Drug Plan, which covered only prescription drugs, or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services

(collectively, "Part D Plans"). These Part D Plans were operated by private companies approved by Medicare and were often referred to as drug plan "sponsors."

4. Medicare and Medicare drug plan sponsors were "health care benefit programs," as defined by Title 18, United States Code, Section 24(b).

5. CMS assigned pharmacies a national provider identification number ("NPI"). A pharmacy dispensing medications to a beneficiary used its assigned NPI when submitting a claim for reimbursement under Medicare Part D. A pharmacy was permitted to submit claims for reimbursement under Part D only for medications actually dispensed and was required to maintain records verifying that it dispensed the medications.

6. A pharmacy could participate in the Medicare Part D program by entering into a retail network agreement: (a) directly with a Part D Plan; (b) with one or more Pharmacy Benefit Managers ("PBMs"); or (c) with a Pharmacy Services Administration Organization ("PSAO"). A PBM acted on behalf of one or more Part D Plans. Through a Part D Plan's PBM, a pharmacy could join a Part D Plan network. A PSAO contracted with PBMs on behalf of the pharmacy.

7. Typically, a Medicare beneficiary enrolled in a Part D Plan obtained prescription medications from a pharmacy authorized by the beneficiary's Part D Plan. After filling a beneficiary's prescription, the authorized pharmacy submitted the claim either directly to a Part D Plan or to a PBM that represented the Part D Plan. The pharmacy provided the beneficiary's identification number as well as the pharmacy's NPI with the claim. The Part D Plan or the PBM determined whether the pharmacy was entitled to payment for each claim. Then, the Part D Plan or PBM, either directly or through a PSAO, reimbursed the pharmacy for the claim.

2

    B.    <u>The Defendant and Relevant Entities</u>

8. The defendant YURIY BARAYEV was a resident of Briarwood, New York.

9. Woodhaven Rx Inc. ("Woodhaven"), which operated as a pharmacy, was a New York corporation located at 62-06A Woodhaven Boulevard, Rego Park, New York.

10. The defendant YURIY BARAYEV was the owner of Woodhaven.

II.    <u>The Fraudulent Scheme</u>

11. From approximately November 2013 through December 2015, the defendant YURIY BARAYEV, together with others, submitted and caused the submission of claims for reimbursement to Medicare for prescription medications purportedly dispensed by Woodhaven to beneficiaries (the "Claims"), which were, in fact, never dispensed to the Medicare beneficiaries.

12. Among other things, the defendant YURIY BARAYEV and Woodhaven submitted Claims in volumes that far exceeded the prescription medications Woodhaven obtained from wholesale distributors that provided it with its pharmaceutical products.

13. Upon receiving reimbursement from Medicare for fraudulent claims for prescription medications that had never been obtained or dispensed by Woodhaven, YURIY BARAYEV transferred these funds through Woodhaven bank accounts to other entities for the benefit of BARAYEV's family and associates.

14. From approximately November 2013 through December 2015, Woodhaven received approximately $6.6 million in reimbursement for claims from Medicare Part D Plans and PBMs.

3

## HEALTH CARE FRAUD

15.   The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16.   In or about and between November 2013 and December 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant YURIY BARAYEV, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicare, a health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

17.   The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense, including but not limited to: (a) approximately thirty-five thousand eight hundred thirty dollars and zero cents ($35,830.00 USD) seized from the premises located at 147-35 84th Road, Briarwood, New York, on or about June 1, 2016; and (b) approximately eight thousand three hundred twenty-five

dollars and zero cents ($8,325.00 USD) seized from the premises located at 62-06A Woodhaven Boulevard, Rego Park, New York, on or about June 1, 2016.

  18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

*/s/ Patrick Garone*
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: */s/ Bridget M. Rohde*
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

*/s/* FOR
SANDRA L. MOSER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

6

F. # 2015R00610

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*YURIY BARAYEV,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1347, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *Patrick [signature]* 6/22/18
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail,* $ _____

*Sarah Wilson Rocha, Trial Attorney (718) 254-6366*