

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SWR/DJ/ABS | *271 Cadman Plaza East* |
| F. #2015R00610 | *Brooklyn, New York 11201* |

February 27, 2020

<u>By ECF</u>

The Honorable Edward R. Korman
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn. NY 11201

        Re:    United States v. Yuriy Barayev
                   Criminal Docket No. 18-318 (ERK) (E.D.N.Y.)

Dear Judge Korman:

        The government respectfully submits this motion for a bail modification hearing due to the defendant's conviction.

        On June 26, 2018, the defendant was arraigned on an indictment and released on a $350,000 bond secured by collateral and two financially responsible sureties (DE #7). As a condition of release, the defendant surrendered his passport to U.S. Pretrial Services. He was ordered to remain in and not leave New York State.  He was also allowed to travel to Colorado with prior notice to U.S. Pretrial Services.

        As the Court is aware, on February 26, 2020, the defendant was convicted on one count of health care fraud in violation of Title 18, United States Code, Section 1347 and seven counts of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Hon. Edward R. Korman
February 27, 2020
Page 2

The release of a defendant pending sentencing is governed in part by Title 18, United States Code, Section 3143, which provides that a defendant found guilty and awaiting imposition of a sentence "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

Section 3143 thus reverses the traditional presumption in favor of release on bond embodied in the Bail Reform Act. As the Second Circuit has noted, "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance. Only if the defendant clears these high procedural hurdles is he entitled to release pending sentencing." United States v. Abuhamra, 389 F.3d 309, 320 (2d Cir. 2004).

The defendant is facing a significant term of imprisonment. The government preliminarily estimates that the United States Sentencing Guidelines ("U.S.S.G.") offense level for the defendant is a level 30, equating to 97 to 121 months.[1]

The evidence presented at trial demonstrated that the health care fraud scheme perpetrated by the defendant lasted for years and resulted in millions of dollars in proceeds. The defendant siphoned off hundreds of thousands of dollars from the scheme, some of which was converted into cash.

Therefore, the government respectfully requests that the defendant provide a showing, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community. If the Court were to find that the defendant meets this burden, the government requests location monitoring and a curfew as directed by

---

[1] The estimate is based on a base offense level of 6 under U.S.S.G. § 2B1.1(a), a 18-level enhancement for loss exceeding $3.5 million under U.S.S.G. § 2B1.1(b)(1)(J), a 2-level enhancement for loss to a federal health care program under U.S.S.G. § 2B1.1(b)(7), a 2-level enhancement for a conviction under 18 U.S.C. § 1956 under U.S.S.G. § 2S1.1(b)(2)(B), and a 2-level enhancement for sophisticated laundering under U.S.S.G. § 2S1.1(b)(3).

Hon. Edward R. Korman
February 27, 2020
Page 3

Pretrial Services to address the change in the defendant's circumstances and increased motivation to flee.

                                                              Respectfully submitted,

                                                              RICHARD P. DONOGHUE
                                                              United States Attorney

                                    By:          /s/
                                                              A. Brendan Stewart
                                                               Assistant Chief
                                                               Sarah Wilson Rocha
                                                               Debra Jaroslawicz
                                                               Trial Attorneys
                                                               United States Department of Justice
                                                               (718) 254-6158

cc:     Clerk of the Court (ERK) (by ECF)
         U.S. Pretrial Services Officer Robert Stehle
         Steve Zissou, Esq.
         Sally Butler, Esq.